JUSTICE NELSON,
specially concurring.
*341 I concur with our conclusion that, under the narrow circumstances here, imposition of the ultimate sanction of dismissal of the Estate’s cause of action with prejudice was too severe a sanction given the precise nature of the Estate’s discovery abuses. In my own mind, however, this case presents an extremely close call and I sincerely sympathize with the trial court and opposing counsel who have had to bear the frustration of the Estate’s attorney’s approach to discovery and the trial court’s orders — correctly characterized in our decision as “in your face” and totally insupportable.
Moreover, while perhaps implicit in our opinion, reopening the Estate’s experts’ depositions at the Estate’s expense is not the only remaining sanction available to the District Court under Rule 37(b)(2), M.R.Civ.P. To the contrary, there are a variety of sanctions under the Rule which the trial court might discretionarily impose.
Finally, if, after all this, counsel for the Estate continues to persist in his intransigent approach, I would not preclude the imposition of the sanction of dismissal with prejudice. Further warnings are unnecessary. Accordingly, I specially concur.